IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RYAN BONNEAU, ) | |
| ) | Case No. 3:12-123-PA |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| J.E. THOMAS, ) | |
| ) | |
| Respondent. ) | |

PANNER, District Judge.

Petitioner filed this 28 U.S.C. § 2241 habeas action on January 23, 2012 and also filed two motions seeking preliminary injunctive relief. Thereafter, on January 31, 2012, petitioner filed an Amended Petition for Writ of Habeas Corpus (#13) and a new Motion for Preliminary Injunction/Temporary Restraining Order (#10). This new pleading and the accompanying Motion for Preliminary Injunction/Temporary Restraining Order moot the earlier

1 - ORDER

Motion for Preliminary Injunction (#2) and Supplemental Motion for Temporary Restraining Order (#5).

With respect to the remaining Motion for Preliminary Injunction/Temporary Restraining Order (#10) currently before the court, a preliminary injunction is appropriate if the moving party demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor. *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1155 (9th Cir. 2006). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Id.* A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

In this case, petitioner is complaining of a disciplinary action (Report #2250667) which resulted in his loss of 27 days of good time credits, 30 days placement in disciplinary segregation, and 60 days loss of email privileges. Thirty days in segregation and 60 days loss of email privileges, by themselves, clearly do not give rise to a liberty interest and therefore do not warrant preliminary injunctive relief. *See Byrd v. Mendenhall, et al.*, Civ. No. 99-1312-AA at p.5 (August 2000) (180 days insufficient to

2 - ORDER

trigger liberty interest); *Sophanthavong v. Palmateer, et al.*, Civ. No. 00-823-AS at p. 7 (March 2002) (180-day sanction is not a physical restraint that imposes atypical and significant hardship); *Cf.* Overton v. Bazzetta, 539 U.S. 126 (2003) (alternative means of communication renders the deprivation of another means of communication acceptable).

With respect to the loss of 27 days of good-time credits, petitioner has a liberty interest in this time, but the question is whether he faces irreparable injury if this time is not immediately restored. Petitioner argues that although he is not scheduled to be released in the near future,[1] a delay in the restoration of these credits might impact the overall length of his placement in a Residential Re-entry Center should he qualify for such placement.

The fact that petitioner faces the possibility that he may not be placed in a Residential Re-entry Center for an entire 12-month term does not constitute irreparable injury. In addition, petitioner is attempting to utilize a preliminary injunction to change the status quo within his prison, something which is strongly disfavored. As a result, the Motion for Preliminary Injunctive Relief/Temporary Restraining Order (#10) is denied.

Petitioner also asks the court to combine this case with other cases he has filed in the past which are based on discrete

---

[1] It appears petitioner is not scheduled to be released until approximately April of 2013.

3 - ORDER

disciplinary hearings involving separate sanctions. The court declines to do so at this time.

## CONCLUSION

Petitioner's Motion for Preliminary Injunction (#2) and Supplemental Motion for Temporary Restraining Order (#5) are denied as moot. Petitioner's Motion to Combine Proceedings (#8) and Motion for Preliminary Injunction/Temporary Restraining Order (#10) are denied.

IT IS SO ORDERED.

DATED this ___7___ day of February, 2012.

*Owen M. Panner*
Owen M. Panner
United States District Judge

4 - ORDER